

**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703

June 13, 2024

**APPLICATION GRANTED**
**SO ORDERED**

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
6/13/24

direct dial 212 775 8773
direct fax 212 775 8821
fwhitmer@ktslaw.com

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *NCR Voyix Corp. v. Embarcadero Techs. Europe, Ltd.*,
           Case No. 1:24-cv-04458-JGK

Dear Judge Koeltl:

    On behalf of Plaintiff NCR Voyix Corporation ("NCR") and pursuant to the Court's Individual Practices Sections VI, we seek the Court's permission to file under seal the March 31, 2023 Settlement Agreement (the "Settlement Agreement") between NCR and Defendant Embarcadero Technologies Europe, Ltd. ("Embarcadero"). In the alternative, and to tailor the relief being sought more narrowly, we ask that the Court, at a minimum, redact the following portions of the Settlement Agreement:

- The amount paid by NCR to Embarcadero as consideration for the releases in the Settlement Agreement (Section 1 of the Settlement Agreement);
- Embarcadero's account number at JP Morgan Chase Bank, NA (Section 2 of the Settlement Agreement); and
- Pricing data for new licenses (Section 5 of the Settlement Agreement).

    NCR filed this action for breach of the Settlement Agreement and now seeks a temporary restraining order to enjoin Embarcadero from terminating access to software that NCR licensed from Embarcadero. Embarcadero agreed under the Settlement Agreement to permit continued access to the software, but has now threatened NCR with deactivation. Section 8 of the Settlement Agreement includes a confidentiality provision that designates the entire agreement as confidential. In accordance with this Court's Individual Practices and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), which is cited in the Court's Practices, the alternative proposed by NCR is "narrowly tailored to serve [the] purpose justif[ying] the redaction or sealing and . . . [is] consistent with the presumption in favor of public access to judicial documents." If, however, the Court is not inclined to exclude the entire Settlement Agreement, at a minimum, NCR asks that the Court allow the parties to redact sensitive information, including consideration, banking account numbers, and pricing terms from the public record. The information proposed for redaction includes financial terms that are not publicly available.

Honorable John G. Koeltl
June 13, 2024
Page 2

    Accordingly, we respectfully request this Court seal the Settlement Agreement and redact confidential and privileged portions from the public view. *See generally Kewaninga Corp. v. Microsoft Corp.*, 1:18-cv-4500 (GHW), 2021 WL 1222122, *6 (S.D.N.Y. March 31, 2021) (ordering that proprietary business information be filed under seal because "if that information were to be disclosed, it could indeed harm [the company] or advantage its competitors"); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) ("The demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents.").

    Pursuant to the Court's Individual Practices, a copy of the Settlement Agreement, with proposed redactions highlighted, is filed contemporaneously under seal.

    NCR has not yet conferred with Embarcadero about the proposed redactions because NCR is preparing and submitting an emergency motion for temporary injunctive relief. Upon filing its emergency motion, NCR will serve Defendant with all pleadings, the motion for temporary restraining order and supporting documents, and all letter motions filed in this matter. Counsel for NCR intends to confer with counsel for Embarcadero and, in an effort to narrow the request, will notify Embarcadero that it has three days to explain to the Court any need to seal or redact the Settlement Agreement.

                                     Respectfully submitted,

                                       */s/ Frederick L. Whitmer*
                                       Frederick L. Whitmer

cc:      Embarcadero Technologies Europe, Ltd.
            (via email, c/o Embarcadero Technologies, Inc., Attn: Chief Financial Officer, email: trey.chambers@idera.com) (address for notices under Section 9 of the Settlement Agreement)
        Andrea Zanini Almeida, Esq. (via email, aalmeida@horzepalaw.com)
        Joseph E. Horzepa, Esq. (via email, jhorzepa@horzepalaw.com)