**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR VOYIX CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>EMBARCADERO TECHNOLOGIES EUROPE LIMITED,<br><br>          Defendant. | Civil Action File No.<br>1:24-cv-4458-JGK<br><br>**AGREED PROTECTIVE ORDER** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of New York, and upon the agreement of the parties in the above-captioned action (the "Litigation"), it is hereby ordered as follows:

1. This Stipulated Protective Order (the "Order") shall govern production, disclosure, use and dissemination of certain documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") containing confidential and/or proprietary information (referred to as "Confidential Material") produced by the parties to the Litigation or a non-party (the "Parties," each a "Party," and the Party producing such information the "Producing Party").

2. Any individual or entity not a party to this case may join in this Order by executing the attached Stipulation of Non-Party to Join Protective Order, and shall have the same rights and obligations under the Protective Order as the parties to this case.

3. This Order shall be without prejudice to the right of any party or non-party to oppose production of any requested information.

4.  Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Order ("Confidential Discovery Material").

5.  The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

   a.  In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

   b.  In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 14 business days of receipt of the final transcript of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

  c. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

  6. The designation of Discovery Material as Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation under the terms set forth in this Protective Order.

  7. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material (ii) in a manner consistent with Paragraph 5. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced; (iii) to ensure that such

Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 14 of this Order.

8. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a. The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Order;

    b. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Order;

    c. Subject to Paragraph 12, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

  d. Subject to Paragraph 12, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

  e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

  f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

  g. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

  9. In addition to the foregoing, a Party receiving Confidential Discovery Material may disclose such information to an indemnitor, insurer or other entity other than a Party that may be financially responsible for paying a judgment or settlement resulting from this Litigation ("Insurer") or an attorney representing such Insurer, but only upon the fulfillment of the requirements of Paragraph 12 below with respect to each such person who will receive the Confidential Discovery Material. Confidential Discovery Material disclosed to an Insurer or its attorney under this paragraph may be used by the Insurer for purposes of ascertaining the existence and scope of its financial obligations with respect to the Litigation.

10. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Order.

11. Notwithstanding Paragraphs 8 and 9 above, Confidential Discovery Material may be provided to experts or consultants listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

12.     Notwithstanding Paragraphs 8-10 above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Order. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

13.     Except as otherwise expressly provided herein, Confidential Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

14.     Every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Discovery Material or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

15.     Consistent with Local Rule 5.3(b)(3), any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes,

characterizes or otherwise communicates Confidential Discovery Material shall initially be deemed a "Confidential Filing," whether in whole or in part, and treated as if it contains "Confidential Information."

16. Any Party who seeks to file with the Court any document that has previously been designated as Confidential Discovery Material, or any pleading, brief, or memorandum which reproduces, paraphrases or discloses Confidential Discovery Material, shall either (a) obtain the designating Party's permission to file such materials in the public record, or (b) seek leave of the Court to file the document under seal pursuant to the procedures for filing documents under seal set forth in this Court's Individual Practices. If a Party believes that documents designated as Confidential Discovery Material cannot or should not be sealed, pursuant to the procedures and rules of this Court, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file in the public record to the designating Party, in writing. The Parties will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the Party wishing to file the materials must request a ruling pursuant to the procedures for filing documents under seal set forth in this Court's Individual Practices on whether the Confidential Discovery Material in question must be submitted under seal. The designating Party shall have the burden of justifying that the materials must be submitted under seal. Absent written permission from the designating Party or a Court order denying a motion to seal, a receiving Party may not file in the public record any Confidential Discovery Material. The Parties acknowledge that nothing in this Order purports to authorize the Parties to file documents under seal without a prior Court order.

17. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good

faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Order. The provisions of this Order are not intended to shift the burden of proof on any Party seeking to establish that Discovery Material validly constitutes Confidential Discovery Material which burden remains on the Party that designates such Discovery Material as Confidential.

18. Each Party reserves the right to seek an order from the Court providing additional safeguards or modifying the terms of this Order.

19. Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order, shall not:

    a. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    b. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

    c. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

    d.    Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    e.    Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

    f.    Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

    g.    Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

20.    This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such person independently of this Litigation, and not otherwise subject to confidentiality restrictions.

21.    If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity or ground.

a. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

b. If a claim of inadvertent production is made pursuant to this Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

22. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

23. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

24. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

25. Subject to the requirements of Federal Rules of Civil Procedure and the Uniform Local Civil Rules and Orders of this Court ("Local Rules"), the provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 27.

26. In the event that any Confidential Discovery Material is used in open court during any court proceeding, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

27. Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons

having received Confidential Discovery Material shall either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good faith and reasonable effort to destroy all such Confidential Discovery Material and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

28.     If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours before the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand

will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Order.

29. No Receiver shall reveal any Confidential Discovery Material or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Order. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

30. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

31. Except as otherwise provided herein, this Order may be modified, amended or suspended only upon motion and upon a showing of good cause.

32. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

Case 1:24-cv-04458-JGK   Document 36-1   Filed 09/24/24   Page 16 of 18

So ENTERED, this 25 day of September, 2024.

                                       Honorable John G. Koeltl
                                       U.S. District Judge

*Agreed to by:*

/s/ *Bennett T. Richardson*                            /s/ *Christopher A. DeGennaro (w.e.p.)*
Joel D. Bush, II                                         Christopher A. DeGennaro
Admitted *Pro Hac Vice*                             **FOLEY & LARDNER LLP**
Bennett T. Richardson                            90 Park Ave
Admitted *Pro Hac Vice*                             New York, NY 10016
**KILPATRICK TOWNSEND &**            Telephone: (212) 687-2329
   **STOCKTON LLP**                           Facsimile: (212) 682-7474
1100 Peachtree Street, Suite 2800          Email: cdegennaro@foley.com
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555                     Todd A. Murray
Email: jbush@ktslaw.com                   **FOLEY & LARDNER LLP**
                                                    2021 McKinney Avenue, Suite 1600
Frederick L. Whitmer                            Dallas, TX 75201
**KILPATRICK TOWNSEND &**            Telephone: (214) 999-3000
   **STOCKTON LLP**                           Facsimile: (214) 999-4667
The Grace Building                               Email: tmurray@foley.com
1114 Avenue of the Americas
New York, NY 10036                              *Counsel for Defendant*
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: fwhitmer@ktslaw.com

*Counsel for Plaintiff*

[Handwritten: This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So ordered. 9/25/24 /s/ J. Koeltl U.S.D.J.]

-15-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR VOYIX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMBARCADERO TECHNOLOGIES EUROPE LIMITED,<br><br>Defendant. | Civil Action File No.<br>1:24-cv-4458-JGK<br><br>**ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Protective Order dated September __, 2024 in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such CONFIDENTIAL documents or information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

By: _____

Date: _____, 20____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NCR VOYIX CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EMBARCADERO TECHNOLOGIES EUROPE LIMITED,<br><br>　　　　　Defendant. | Civil Action File No.<br>1:24-cv-4458-JGK<br><br>**STIPULATION OF NON-PARTY TO JOIN AGREED PROTECTIVE ORDER** |

The undersigned having consented hereto, it is hereby stipulated that Non-Party _____ joins in the Agreed Protective Order having all rights and obligations under the Protective Order as any party to this case.

Dated: _____, 202__.

_____

Name: _____

Title: _____