**K**  **Kilpatrick Townsend & Stockton LLP**                1100 Peachtree Street NE, Suite 2800
ktslaw.com                                                    Atlanta, GA 30309-4528

March 18, 2026

*Good Cause is shown for the minor redactions requested for the reasons stated herein. So ordered.*

*Jn G/Koeltl/U.S.D.J.*

*3/18/26.*

direct dial 404 815 6323
direct fax 404 795 9046
BTRichardson@ktslaw.com

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

Re:    *NCR Voyix Corp. v. Embarcadero Techs. Europe, Ltd.*,
        Case No. 1:24-cv-04458-JGK

Dear Judge Koeltl:

We represent Plaintiff NCR Voyix Corporation ("NCR") in connection with the above-referenced action. As requested in the March 16, 2026 status conference, we write jointly with Defendant Embarcadero Technologies Europe Limited ("Embarcadero") to propose a limited scope of redactions to the Court's Order on the parties' cross-motions for summary judgment (Dkt. 132). As detailed below, a compelling reason exists to seal the amount of the settlement payment and the going-forward license fees under the Settlement Agreement, which constitute confidential, sensitive business information that could prejudice the parties if disclosed.

Although "judicial documents" like the Settlement Agreement are presumptively accessible to the public, "competing considerations" such as the parties' "privacy interests" may warrant sealing or redaction. *Hadzijic v. Art Food LLC*, 801 F. Supp. 3d 231, 234 (S.D.N.Y. 2025) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Courts generally approve redactions to safeguard sensitive business information, even if that information appears in documents that play a key role in the court's analysis. *E.g., Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022) (granting motion to redact "royalty rates," "specific license terms," and "purchase and exercise prices," and other information in expert report that "did not bear on the Court's ruling on the underlying [*Daubert*] motion"). Similarly, courts often redact settlement-related materials to advance the judicial goal of "foster[ing] settlement." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998).

Here, the Court should redact the total settlement payment and the going-forward license fees set out in the Settlement Agreement. The dollar amount of the payment and license fees "ha[ve] no bearing on any issue" addressed in the Court's Order. *Hadzijic*, 801 F. Supp. 3d at 235 (approving redaction of settlement amount from settlement term sheet). The figures only appear

Honorable John G. Koeltl
March 18, 2026
Page 2

in a two-paragraph statement of the factual background and recitation of the contractual language; at no point does the Court reference either amount in its analysis of the parties' arguments on their respective cross-motions for summary judgment. *See* Dkt. 132 at 6-7. Because these figures "play only a negligible role," if any, "in the [Court's] performance of [its] Article III duties," they receive only a weak presumption of public access. *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995).

The parties' privacy interest in these dollar amounts overcomes this weak presumption. Courts have recognized that disclosing settlement payments can "inspire copycat litigation," establishing a heightened privacy interest in the amounts paid in connection with settlement. *Hadzijic*, 801 F. Supp. 3d at 235. Moreover, because NCR's Storepoint software incorporates Embarcadero's Interbase software, the license fee for Interbase activations under Sections 4 and 5 of the Settlement Agreement forms part of NCR's cost in providing Storepoint access to its customers. Disclosing that cost could allow competitors to undercut NCR's pricing or customers to take a hardline approach to future negotiations, prejudicing NCR. Similarly, Embarcadero's customers could use the Settlement Agreement's license fee to extract lower prices from Embarcadero in future transactions. The parties therefore have a strong privacy interest in the dollar amount of the license fee, warranting redaction. *Red Hawk*, 638 F. Supp. 3d at 385 (finding "substantial" privacy interests "weigh[ed] against the presumption of access" to royalty rates, license terms, and other price information).

Accordingly, the parties respectfully request that the Court redact the portions of its Order that set out the total settlement payment and the going-forward license fees under the Settlement Agreement. A copy of the Order with these amounts redacted is attached hereto as Exhibit 1.

We thank the Court for its consideration.

*[signatures on following page]*

Honorable John G. Koeltl
March 18, 2026
Page 3

Respectfully Submitted,

| | |
|---|---|
| **FOLEY & LARDNER LLP** | **KILPATRICK TOWNSEND & STOCKTON LLP** |

By:   */s/ Sam M. Koch (w.e.p.)*
Sam M. Koch
90 Park Ave
New York, NY  10016
(212) 338-3472
skoch@foley.com

Todd A. Murray (*pro hac vice*)
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
(214) 999-4862
tmurray@foley.com

*Counsel for Defendant*

By:   */s/ Bennett T. Richardson*
Joel D. Bush, II (*pro hac vice*)
Bennett T. Richardson (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
(404) 815-6500
jbush@ktslaw.com
btrichardson@ktslaw.com

Evan S. Nadel
3 Times Square
New York, NY  10036
(212) 775-8700
enadel@ktslaw.com

*Counsel for Plaintiff*